

# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| MILDRED ROSS, as next friend of LE'SHEA KENNIMER, a minor, BRIAN KENNIMER, a minor, and CAYLA KENNIMER, a minor | § § § § § | |
| V. | § § | CASE NO. 4:05CV381 (Judge Schell/Judge Bush) |
| KIA MOTORS CORP. and KIA MOTORS AMERICA, INC. | § § § § | |
| V. | § § § | |
| TANYA KENNIMER | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the Court is Third Party Defendant Tanya Kennimer's Rule 12(b)(6) Motion to Dismiss Third Party Complaint (Docket #42). Kia Motors Corp. and Kia Motors America, Inc. (hereafter "Defendants") timely responded to the motion and contemporaneously filed an Unopposed Motion for Leave to Designate Tanya Kennimer as a Responsible Third Party, which motion the Court granted. Having considered the motion to dismiss and Defendants' response, the Court finds that Ms. Kennimer's motion to dismiss should be denied.

This action arises out of an automobile accident which occurred on August 3, 2001. Tanya Kennimer was driving a Kia Rio in Van Alstyne, Texas and was involved in a collision with Bufford Ragsdale, who was driving a pickup truck. John Kennimer, Tanya Kennimer's son, was fatally injured while sitting in the rear middle seat. His two siblings were sitting next to him, but suffered no major physical injuries.

Plaintiffs, represented by Mildred Ross, filed this action in the United States District Court

for the Eastern District of Texas, Marshall Division, on July 28, 2004 against Defendants for negligent design, manufacture, assembly, marketing, and testing of the vehicle in question. Essentially, Plaintiffs alleged that the vehicle was not crashworthy. Defendants filed a third party complaint against Tanya Kennimer on August 25, 2004. The case was transferred to the Sherman Division on September 30, 2005.

Ms. Kennimer never answered the third party complaint or otherwise made an appearance while the case was pending in the Marshall Division. However, nearly a year later, when the case was transferred to Sherman, she filed a motion to dismiss and answer in this court. Ms. Kennimer requests dismissal on the following three grounds: (1) the statute of limitations bars any action against her; (2) she is a settling person; and (3) since Plaintiffs' underlying claim is a products liability "crashworthiness" claim, any alleged negligence on the part of Ms. Kennimer is neither relevant nor admissible. The Court will address each ground for dismissal in turn.

Prior decisions of both the United States Supreme Court and the Fifth Circuit Court of Appeals have made it clear that motions to dismiss for failure to state a claim upon which relief can be granted should not be granted lightly. For a complaint to be dismissed for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Reeves v. City of Jackson, Mississippi*, 532 F.2d 491 (5th Cir. 1976).

Absent a claim which is obviously insufficient, a court should not grant a Rule 12(b)(6) motion to dismiss, thereby denying the plaintiff an opportunity to develop facts to support his complaint. Moreover, sufficient procedures are available to a defendant to seek summary disposition of a lawsuit after a plaintiff has been afforded some opportunity to develop facts to support his

complaint. *Reeves*, 532 F.2d at 494.

Ms. Kennimer first claims that dismissal of the third party claim is appropriate because the statute of limitations has run. She cites Texas Civil Practice and Remedies Code § 16.003 which states: "A person must bring a suit no later than two years after the day the cause of action accrues in an action for injury resulting in death. The cause of action accrues on the death of the injured person." Ms. Kennimer points out that her son, John Kennimer, died on August 3, 2001, and the third party complaint was not filed until August 25, 2004. The underlying lawsuit was not even filed until July 28, 2004, nearly three years beyond the date of the accident. Ms. Kennimer further alleges that the stature of limitations has run because she was never properly served with the third party complaint.

Although no return of service appears on the Court's docket, Defendant has submitted a signed return of service indicating that Ms. Kennimer was personally served with the third party complaint on October 20, 2004. Ms. Kennimer has voiced no objection to the return of service submitted by Defendants. She only mentions service once in her motion to dismiss when she states "Proper service of the complaint upon Tanya Kennimer was never achieved by Kia Motors America, Inc." (Pl. M. Dis. at ¶ 2). Without more elaboration, the Court finds the evidence submitted by Defendants sufficient to establish proper service of process upon Ms. Kennimer.[1]

Moreover, Ms. Kennimer's limitations argument fails because she has overlooked Texas Civil Practice and Remedies Code § 16.001 which states:

---

[1] The Court notes that an original Return of Service was never filed on the Court's docketing system. Defendants were contacted regarding this omission, but stated they were unable to locate the original. However, for present purposes, and considering Ms. Kennimer's failure to object to the Return of Service submitted or specify why service was deficient, the Court finds the copy submitted by Defendants to be sufficient to render dismissal for insufficiency of service improper.

3

> (a) For purposes of this subchapter, a person is under a legal disability if the person is:
>> (1) younger than 18 years of age, regardless of whether the person is married....
>
> (b) If a person entitled to bring a personal action is under a legal disability when the cause of action accrues, the time of the disability is not included in the limitations period.

All of the Plaintiffs are minors, and the statute of limitation is therefore tolled on their behalf. *See Hopkins v. Spring Indep. Sch. Dist.*, 706 S.W.2d 325, 326 (Tex. App.–Houston [14th Dist.], writ granted) (statue of limitations is tolled on behalf of minors, and suit brought by "Next Friend" in no way changes minors' status for purpose of tolling of limitations period). Third party practice permits a defendant to assert claims against any person who may be liable for all or part of the underlying damages. *See* FED. R. CIV. P. 14(a). Furthermore, Ms. Kennimer is a contribution Defendant under Texas Civil Practice and Remedies Code § 33.016(a). Therefore, even though Plaintiffs have asserted no claims against her, Defendants are entitled to seek contribution from Ms. Kennimer in this action. TEX. CIV. PRAC. & REM. CODE § 33.016(b). The Court therefore denies Ms. Kennimer's motion to dismiss on limitations grounds.

Ms. Kennimer next argues that dismissal is appropriate because she is a settling person under Texas Civil Practice and Remedies Code § 33.011(5). Under Texas Civil Practice and Remedies Code § 33.016(b) "Each liable defendant is entitled to contribution from each person who *is not a settling person* and who is liable to the claimant for a percentage of the responsibility but from whom claimant seeks no relief at the time of submission." Ms. Kennimer has attached a settlement agreement between herself and Plaintiffs, executed November 3, 2004, to the motion. She argues that she is therefore a "settling person" and cannot be held liable for contribution.

Defendants concede that, if Ms. Kennimer is, in fact, a "settling person," Defendants will dismiss their claims against her. However, Defendants object that Ms. Kennimer has failed to establish that she is a settling person. While she has produced a settlement agreement, she has produced no proof that she actually paid the consideration required to render the agreement effective. The Settlement Agreement states:

### E.

### CONSIDERATION

1. In consideration of the total sum of $1,000.00 (One Thousand and No/100 Dollars) from Responsible Third Party Defendant, the receipt and sufficiency of which is hereby acknowledged by Plaintiffs, and in consideration of the mutual agreements, conditions, representations, warranties, recitals, covenants and statements of intention contained herein, Plaintiffs Mildred Ross, as next friend of Le'Shea Kennimer, Brian Kennimer and Cayla Kennimer hereby accepts the above referenced payment in full settlement, compromise and release of all claims arising out of or in connection with the Lawsuit, pursuant to the Settlement Agreement, against Responsible Third Party Defendant, Tanya Kennimer.

2. Responsible Third Party Defendant shall tender such sum in the following manner: on the Effective Date of this Agreement, Responsible Third Party Defendant shall deliver a check for the total amount of settlement sum, payable to Plaintiff's attorney, as Trustee.

(Sett. Agr. at pg. 5). The Agreement goes on to state that the effective date is November 3, 2004. (Sett. Agr. at pg. 9).

Defendants object that there is no evidence that Ms. Kennimer ever tendered the required consideration, and therefore no evidence that the agreement is a valid settlement. In her deposition, Mildred Ross, the children's representative, states that she has never accepted money on behalf of the children from Ms. Kennimer or settled the children's claims with Ms. Kennimer. (Ross Dep. at pg. 68). Ms. Ross acknowledged that she and Ms. Kennimer had signed settlement papers, but she

specifically stated that she had never received $1,000.00 on behalf of the children from Ms. Kennimer. (Ross. Dep. at pg. 69). When Ms. Kennimer was deposed, she stated that she did not recall tendering any payment to Plaintiffs, but that she understood her lawyers would keep one thousand dollars, apparently of monies due to her, and give it to Plaintiffs. (Kennimer Dep. at pg. 51). Defendants state that they have requested evidence that the payment was tendered through discovery and by subpoena, but have received nothing.

The Court is not presently satisfied that Ms. Kennimer is a settling person. "Settling person" is defined as "a person who has, at any time, paid or promised to pay money or anything of monetary value to a claimant in consideration of potential liability with respect to the personal injury, property damage, death, or other harm for which recovery of damages is sought." TEX. CIV. PRAC. & REM. CODE § 33.011(5). Per the terms of the agreement, the money was to be tendered on the effective date. If the money has not yet been tendered, the agreement is not yet effective and Ms. Kennimer cannot be held a settling person, even though, in a sense, she has promised to pay the $1000.00. The Court will therefore not presently grant dismissal on these grounds. However, if Defendants discover at some point in the course of this litigation that Ms. Kennimer is, in fact, a settling person, Defendants are directed to promptly dismiss Ms. Kennimer from this action.[2] Likewise, Ms. Kennimer may reurge dismissal if she is able to establish, to the satisfaction of all parties, that she is a settling person.

Ms. Kennimer finally argues that dismissal is appropriate because the complaint alleges that Defendants' defective product resulted in damages that otherwise would not have occurred. There

---

[2] Defendants have previously dismissed their third party claims against Bufford Ragsdale, the driver of the other vehicle involved in the collision, upon receiving sufficient proof that he had settled with Plaintiffs.

is no allegation that the product caused the accident at issue. Ms. Kennimer contends that the allegation that the vehicle involved was not "crashworthy" stands separate and apart from any claims that any person's negligence caused the accident at issue. As no claims have been brought regarding the cause of the accident, Ms. Kennimer argues that any evidence of her own negligence is irrelevant.

> Texas Civil Practice and Remedies Code Section 33.003(a) states:
>
> (a) The trier of fact, as to each cause of action asserted, shall determine the percentage of responsibility, stated in whole numbers, for the following persons with respect to each person's causing or contributing to cause in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these:
>
>> (1) each claimant;
>> (2) each defendant;
>> (3) each settling person; and
>> (4) each responsible third party who has been designated under Section 33.004.

In *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 418 (Tex. 1984), the Texas Supreme Court held that, in products liability cases subsequent to July 13, 1983, defendants may obtain jury allocations of plaintiffs' damages according to the plaintiffs', defendants' and other third parties' respective percentages of causation. In *Duncan*, a man died in an airplane crash and his estate sued Cessna for faultily manufactured seats which, the estate claimed, caused the husband's death. When Cessna counterclaimed against the pilot of the plane, the Supreme Court stated:

> Comparative causation is especially appropriate in crashworthiness cases where the product defect causes or enhances injuries but does not cause the accident. The conduct which actually causes the accident, on the other hand, would not cause the same degree of harm if there were no product defect. The jury is asked to apportion responsibility among all whose action[s] or products combined to cause the entirety of Plaintiff's injuries.

*Duncan*, 665 S.W.2d at 428. *See also*, *Gen. Motors Corp. v. Castaneda*, 980 S.W.2d 777, 780-81 (Tex. App.–San Antonio 1998, pet. denied) (holding that in crashworthiness cases, damages shall be apportioned among all whose actions combined to cause the entirety of Plaintiff's injuries). The Court finds that, under Texas law, Defendants are entitled to seek contribution from Ms. Kennimer.

## RECOMMENDATION

Based upon the foregoing, the Court finds that Ms. Kennimer's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) should be DENIED.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 7th day of December, 2005.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE