FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

AUG - 9 2006

DAVID J. MALAND, CLERK
BY
DEPUTY

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MILDRED ROSS AS NEXT FRIEND OF LE'SHEA KENNIMER, a Minor, BRIAN KENNIMER, a Minor, and CAYLA KENNIMER, a Minor<br>    Plaintiff, | § § § § § § | |
| v. | § § | CIVIL ACT. NO. 4:05CV381-RAS-DDB<br>Jury Demanded |
| KIA MOTORS CORP. and KIA MOTORS AMERICA, INC.,<br>    Defendants. | § § § § § | |
| v. | § § | |
| TANYA KENNIMER,<br>    Responsible Third Party | § § | |

## AGREED JUDGMENT

On this the 4th day of August, 2006, came on to be heard the above-styled and numbered cause wherein appeared the Plaintiffs Mildred Ross as Next Friend of Brian Kennimer and Cayla Kennimer, and Le'Shea Kennimer, now an adult, (Plaintiffs), and Kia Motors Corp. and Kia Motors America, Inc. (collectively referred to as "Kia Defendants") and Third-Party Defendant Tanya Kennimer and the above parties having waived a jury trial, it was announced to the Court that an agreement for settlement of all matters in controversy between Plaintiffs and the Kia Defendants in their respective capacities as set out above has been reached, subject to the approval of the Court; and

It further appears to the Court that Plaintiffs and the Kia Defendants desire to compromise and settle their dispute, without admission of liability by any party; and

It further appears to the Court that the total settlement is in consideration of all of the above Plaintiffs' alleged damages with respect to the claims of Plaintiffs against Kia Defendants

both past and future, and the payment is in recognition of the fact that these alleged damages have partially accrued in the past and will continue to accrue in the future; and

It further appears to the Court that an agreement for settlement has been reached by Plaintiffs and Kia Defendants, subject to the approval of the Court. The terms of the Settlement Agreement provide for payment to Plaintiffs Mildred Ross as Next Friend of Brian Kennimer and Cayla Kennimer, and Le'Shea Kennimer, now an adult, and their attorneys an amount and for the purchase of annuities by Defendants on behalf of minors Brian Kennimer and Cayla Kennimer as set forth in the Confidential Settlement Agreement and Release (with the Kia Defendants) in full and final settlement of all past and future claims, demands, and causes of action that have been held or may now or in the future be owned or held by or on behalf of Plaintiffs, including, without limitation, bystander recovery, those for wrongful death and/or survival, personal injury, physical pain and suffering, mental pain and anguish, physical impairment, loss of earnings, loss of earning capacity, loss of consortium, subrogation, pecuniary losses and/or other losses, psychiatric or psychological expense, doctors' fees, hospital expenses, nursing home expenses, Medicare and/or Medicaid expenses, attorneys' fees, costs of court and all other damages of every kind whatsoever, whether known or unknown, including any claims, demands or causes of action which have arisen, or may arise, as a result of the accident which occurred on or about August 3, 2001, in Grayson County, Texas; and

It further appears to the Court that settlement funds from Kia Defendants pertaining to minors Brian Kennimer and Cayla Kennimer have been paid out pursuant to the settlement agreement to companies that are purchasing annuities on behalf of and for the benefit of the minors, and will be funded following the approval of this Court and pursuant to the instruction of this Court; and

It further appears to the Court the terms of said Agreement provide that the Plaintiffs will pay all fees due to Plaintiffs' attorneys from the settlement amounts set forth in the Confidential Settlement Agreement. Plaintiffs and their attorneys acknowledge and agree that Defendants and the other released parties and entities shall bear no responsibility for payment of Plaintiffs' attorneys' fees; and

It further appears to the Court that each party has agreed to pay their own court costs that are in any way associated with the incident and/or lawsuit in question, except with regard to the payment of the guardian ad litem's fees; and

It further appears to the Court that under the terms of the agreement, Plaintiffs are responsible for any and all potential or future tax liabilities. Plaintiffs and their attorneys acknowledge and agree that Defendants and the other released parties and entities shall bear no responsibility for payment of any potential or future tax liabilities of Plaintiffs, including the minor children, Brian Kennimer and Cayla Kennimer, by and through their Guardian Ad Litem, Garland Cardwell, which may in any way be related to the incident made the basis of this lawsuit or the Agreement; and

It further appears to the Court that the settlements as to all Defendants, subject to the approval of the Court, is to be considered a full and final settlement of and a complete release, discharge and bar to all claims, demands, controversies, actions or causes of action that have been asserted, or that could have been asserted, by or on behalf of the Plaintiffs, including the minor children, Brian Kennimer and Cayla Kennimer, by and through their Guardian Ad Litem, Garland Cardwell, against Defendants Kia Motors Corp. and Kia Motors America, Inc. and their agents, servants, subsidiaries, affiliates, insurers, successors, dealerships, advertisers, marketing companies, legal representatives, attorneys, distributors, employees, directors, members, officers,

shareholders and any parent, successor or predecessor corporations thereof, including but not limited to any and all "products liability actions" based upon Kia Motors Corp. or Kia Motors America, Inc.'s status as a "seller" of the vehicle in question, as those terms are defined by Tex.Civ.Prac.& Rem.Code § 82.001, et. seq., and for all other claims and/or types of claims against Kia Motors Corp. and Kia Motors America, Inc., any person or entity who might have sold, serviced, inspected or repaired the vehicle in question, and all persons, firms, organizations or corporations in privity with the aforementioned released parties, including without limitation, Kia Motors Corp. and Kia Motors America, Inc. and all of their agents, servants, attorneys, authorized dealers, distributors, vendors, suppliers, component part suppliers, legal representatives, employees, directors, shareholders, members, officers, parents, subsidiaries, affiliates, predecessors, successors and insurers (collectively referred to hereinafter as "Releasees") for any and all actual damages, including but not limited to, damages for bystander recovery, wrongful death and/or survival, personal injury, physical pain and suffering, mental pain and anguish, physical impairment, loss of earnings, loss of earning capacity, loss of consortium, subrogation, pecuniary losses and/or other losses, including exemplary damages, and/or treble damages, psychiatric or psychological expense, doctors' fees, hospital expenses, nursing home expenses, Medicare and/or Medicaid expenses, attorneys' fees, costs of court and all other damages of every kind whatsoever, whether known or unknown, including any claims, demands or causes of action which have arisen, or may arise, as a result of the accident which occurred on or about August 3, 2001, in Grayson County, Texas. Plaintiffs, including minor children, Brian Kennimer and Cayla Kennimer by and through their Guardian Ad Litem, Garland Cardwell, understand and agree that the Agreement may be pled as an absolute and final bar to any and all suits, claims, actions or causes of action released by the Agreement; and all releases

that pertain to the liability of the aforementioned parties, persons and/or entities shall become final, irrevocable and absolute upon the signing of the Agreement; and

It further appears that Plaintiffs and minor children, by and through their Guardian Ad Litem, Garland Cardwell, have agreed to indemnify and hold harmless Releasees and anyone in privity with Releasees from any claims, demands, actions or causes of action of whatsoever nature which have been or may hereafter be asserted by any person, firm or corporation whomsoever, and any person or entity who might have sold, serviced, inspected or repaired the vehicle in question, claiming by, through or on behalf of or under Plaintiffs for the alleged injuries as a result of the above described accident, including any claims, crossclaims, counterclaims or subrogation that may at any time in the future be made against Releasees or anyone in privity with Releasees; and

The agreements to indemnify expressly apply without limitation even to actual or alleged negligence, gross negligence, breach of express or implied warranties, strict products liability, violation of the Texas Deceptive Trade Practices-Consumer Protection Act, violation of any wrongful death and/or survival statute, or violation of any act or statute of any other state or the United States, or any other statutory violation by Releasees, and further providing that Plaintiffs have agreed to indemnify and hold harmless Releasees and anyone in privity with Releasees from all hospital liens or hospital bills, nursing home liens, nursing home bills, Medicare liens, or Medicaid liens incurred by any of the undersigned Plaintiffs as a result of the accident in question; and

It further appears to the Court that Garland Cardwell, has been appointed Guardian Ad Litem by the Court to represent the interests of the minor Plaintiffs Brian Kennimer and Cayla Kennimer. It is hereby ORDERED that Garland Cardwell be awarded the sum of $2,250 for

his/her services which is hereby assessed against Defendants; and said Guardian Ad Litem having asked for and received reasonable time to acquaint himself/herself with the facts and the law herein and, after study and deliberation, has reported to the Court that, in his/her opinion, the agreement of settlement presented to the Court is fair, just and reasonable and in the best interests of the minor Plaintiffs Brian Kennimer and Cayla Kennimer and should be approved; and

It further appears to the Court that Plaintiffs Mildred Ross as Next Friend of Brian Kennimer and Cayla Kennimer, and Plaintiff Le'Shea Kennimer, now an adult, and Minor Plaintiffs Brian Kennimer and Cayla Kennimer by and through their Guardian Ad Litem, Garland Cardwell, have executed and agreed to deliver a Settlement Agreement and Release as part of the settlement, and, upon review of such Settlement Agreement and Release, that such Settlement Agreement and Release is in proper and appropriate form and will be executed and delivered by Garland Cardwell for and on behalf of minor Plaintiffs Brian Kennimer and Cayla Kennimer with full authority and by Order of the Court, being in all things approved, as a part of the settlement in this case; and that due to the confidential nature of the amount of the settlement that said Settlement Agreement and Release need not be required to be filed of record with this Court; and

It is further understood by the parties that the Settlement Agreement and Release is subject to the approval of the Court; and

It further appears to the Court that the agreement of settlement presented to the Court is FAIR, JUST AND REASONABLE and that the apportionment hereinafter ordered by the Court is FAIR, JUST AND REASONABLE and in the best interest of the minor children, Brian

Kennimer and Cayla Kennimer, by and through their Guardian Ad Litem, Garland Cardwell, and should be approved; and

The Court, having read the pleadings in this case and seen and heard various evidence in this case, finds that there is a question as to liability in this case, and that there is an issue also as to the extent of damages to which Plaintiffs are entitled, and the Court further finds from the evidence that such agreement of settlement is a compromise settlement agreement and is not an admission of liability on the part of Defendants herein, and further, the Court is of the opinion that the agreement of settlement of the parties is just, fair and equitable and should be approved and said agreement is hereby APPROVED; and

It is therefore ORDERED, ADJUDGED AND DECREED, that the Guardian Ad Litem be and hereby is expressly granted court approval to compromise this suit and Minor Plaintiffs' claims and to agree to this judgment in a manner forever binding and conclusive upon the minor party Plaintiffs, Brian Kennimer and Cayla Kennimer, which Court approval to compromise expressly includes court approval for such Guardian Ad Litem to execute the Kia Defendants' Confidential Settlement Agreement and Release, the terms of which are incorporated herein, and made a part of and in a manner forever binding and conclusive upon such minor party Plaintiffs; and

It is further ORDERED, ADJUDGED AND DECREED by the Court that the Kia Defendants will pay Plaintiffs in the amount which is set forth in the Confidential Settlement Agreement and Release with Kia Defendants under such terms as are recited in the Confidential Settlement Agreement and Release; and

It is further ORDERED, ADJUDGED and DECREED that upon rendition of the foregoing Order, the Defendants have fully paid and discharged same in its entirety, in the

manner prescribed by this Order, and in accordance with the provisions of this Order, Defendants and the other aforementioned released parties, persons or entities, and all other persons, firms, organizations or corporations in privity with same, be and they are forever fully discharged and released from any liability based upon any claims, demands, actions or causes of action made or claimed by Plaintiffs, or anyone acting in or on their behalf, including Plaintiffs, arising from the accident made the basis of the above styled and numbered cause. All of such claims are hereby DISMISSED WITH PREJUDICE; and

It is further ORDERED, ADJUDGED AND DECREED that all nursing, hospital, pharmaceutical, doctor, psychiatric, and/or medical expenses, and any hospital liens and/or Medicare and/or Medicaid liens incurred by or on behalf of the Plaintiffs, including the minor children, Brian Kennimer and Cayla Kennimer to date, based in any way on the accident referenced above, have been or will be paid immediately by Plaintiffs and/or their attorneys out of the proceeds of the settlement; and

It is further ORDERED, ADJUDGED AND DECREED that any and all attorneys' fees, litigation expenses or other such costs incurred by or on behalf of Plaintiffs shall be paid from the settlement proceeds, and the Court having been advised of the attorneys' fees, litigation expenses and other costs incurred by or on behalf of the Plaintiffs hereby approve them as fair and reasonable; and

It is further ORDERED, ADJUDGED AND DECREED that the Kia Defendants will be responsible for delivering the amounts of money to the annuity carriers to fund the annuities to be purchases on behalf of Plaintiffs, including the Minor Plaintiffs, and that Defendants and Releasees have no other duty or obligation with respect to the funds paid to the Minor Plaintiffs, nor the investment of the funds paid to the Minor Plaintiffs; and

It is further ORDERED, ADJUDGED AND DECREED that the amount of this settlement between Plaintiffs and the Kia Defendants, as well as the present or future value of the settlement amount, shall remain confidential as agreed to by the parties in the Confidential Settlement Agreement and Release with Kia Defendants.

This judgment finally disposes of all parties and claims.

IT IS SO ORDERED.

Signed this 9th day of August, 2006.

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

WE APPROVE THIS AGREED JUDGMENT
AS TO FORM AND AGREE TO THE ENTRY
OF THE JUDGMENT

GARLAND CARDWELL
Guardian Ad Litem appointed by the Court to
represent the interests of Minor Plaintiffs
Brian Kennimer and Cayla Kennimer

E. TODD TRACY & Andrew G. Counts
Attorney for Plaintiffs Mildred Ross as Next Friend
of Brian Kennimer and Cayla Kennimer, and Le'Shea
Kennimer, now an adult

_____
KURT C. KERN
BRIAN K. GARY
SEAN R. FITZGIBBONS
Attorneys for Defendants Kia Motors Corp.
and Kia Motors America, Inc.